"O"



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

OCT 15 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRENCE ANTONIO DUNSON, | ) | CV 07-5209 AHS(RNB) |
| Petitioner, | ) | |
| v. | ) | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| DERRAL G. ADAMS, Warden, | ) | |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed by petitioner, and the Court has made a de novo determination of those portions of the Report and Recommendation to which objections have been made.

1. **Petitioner's speedy trial claim**

The Court notes that petitioner's reliance in his objections on the California Constitution and the test applied by the California Supreme Court to evaluate a claimed violation of the right to a speedy trial under the California Constitution is

misplaced because federal habeas review is not available for a violation of California law. The Court further notes that, contrary to petitioner's characterization, the Magistrate Judge did not state that petitioner requested continuances before May 18, 2004. Finally, the Court notes that petitioner's only theory of prejudice appears to be that the prosecutor's case would have been weaker if the case had been tried earlier because of the lack of availability of eyewitness Moore. The fallacy of this theory of prejudice is that it is premised on petitioner's unsubstantiated conjecture that "the consolidation was created to delay time and try to locate the prosecutor's key witness."

2.      **Petitioner's claim based on the trial court's refusal to provide Moore's home address to the defense**

Petitioner's objections are nonresponsive to the Magistrate Judge's reasoning for denying this claim, which was: (a) to the extent that petitioner still was contending that his rights under California's discovery statutes or the California Constitution were violated, his claim was not cognizable on federal habeas review and the Magistrate Judge was bound by and could not revisit the California courts' determination that the trial judge comported with California law in denying petitioner pretrial access to Moore's address information; (b) the federal cases cited by petitioner involved different issues and therefore did not qualify as sufficient legal authority under the AEDPA standard of review; (c) the only Supreme Court case that even dealt with the issue of a criminal defendant's constitutional right to the development of evidence relating to a witness's reputation for veracity in his community, <u>Alford v. United</u>

States, 282 U.S. 687, 51 S. Ct. 218, 75 L. Ed. 624 (1931), was distinguishable; and (d) because petitioner was unable to cite any Supreme Court authority holding that a criminal defendant has an unconditional federal due process right to pretrial access to a prosecution witness's address information to develop potential impeachment evidence, the Magistrate Judge had no basis for finding or concluding that the California courts' rejection of petitioner's federal due process claim either was contrary to or involved an unreasonable application of clearly established Supreme Court law.

3. **Petitioner's claim based on the alleged failure to preserve potentially "useful" evidence**

The Court disagrees with petitioner that the potential exculpatory value of the victim's car and clothing was apparent to law enforcement prior to the release of those items to the victim's relatives. Moreover, petitioner fails to address in his objections Arizona v. Youngblood, 488 U.S. 51, 58, 109 S. Ct. 333, 102 L. Ed. 2d 281 (1988), where the Supreme Court imposed the additional requirement that the defendant demonstrate the government's bad faith in failing to preserve the potentially useful evidence. Nor does petitioner address in his objections the Magistrate Judge's finding that there had been no showing by him that the police were acting in bad faith by processing and releasing the car to prevent the disclosure of favorable evidence to petitioner, or the Magistrate Judge's same finding with respect to the return of the victim's clothing.

4. **Petitioner's claim based on his failure to testify**

Petitioner continues to argue that the proposed

impeachment evidence was inadmissible under California law. However, it is not the function of a federal habeas court to review questions of state evidence law. The Magistrate Judge's reasoning for rejecting this claim was that it was barred by the Supreme Court's rationale in <u>Luce v. United States</u>, 469 U.S. 38, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). There, the Supreme Court held that "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." The Ninth Circuit has applied <u>Luce</u> to similar claims by state habeas petitioners. Petitioner's objections are nonresponsive to the Magistrate Judge's reasoning.

5. **Petitioner's prosecutorial misconduct claims**

    a. *the alleged prosecutorial misconduct in commenting on the victim's family's loss*

Contrary to petitioner's characterization, the Magistrate Judge did not find that there was no prosecutorial misconduct when the prosecutor commented on the victim's family loss. Rather, the Magistrate Judge found that this prosecutorial misconduct claim was procedurally defaulted by reason of defense counsel's failure to object to the alleged misconduct. The Magistrate Judge further found that petitioner had failed to make the requisite showing of "cause" to excuse the default and had not even purported to satisfy his burden with respect to the miscarriage of justice exception. The Magistrate Judge's basis for finding that petitioner had failed to make the requisite showing of "cause" was that, while defense counsel's failure to object to the second instance of the prosecutor commenting on the victim's family's loss did constitute "deficient performance,"

4

petitioner had failed to show that his counsel's deficient performance prejudiced him. Petitioner's objections are nonresponsive to the latter finding.

### b. the alleged prosecutorial misconduct in arguing that petitioner had had a relationship with an underage girl

The Court concurs with the Magistrate Judge's finding that there was no prosecutorial misconduct because (a) the prosecutor's statements to the jury regarding petitioner's alleged relationship with the juveniles were a fair inference from the evidence, and (b) defense counsel's comments regarding the unreasonable failure of police to follow up on the leads the girls had provided "opened the door" to the prosecutor's rebuttal argument that, to the contrary, the police had acted reasonably with respect to the girls.

### 6. Petitioner's ineffective assistance of counsel claim(s)

#### a. counsel's alleged failure to object to the acts constituting prosecutorial misconduct

The Magistrate Judge's findings in the preceding section (with which the Court concurs) that (a) petitioner had failed to show that his counsel's deficient performance in failing to object to the second instance of the prosecutor commenting on the victim's family's loss prejudiced him and (b) the prosecutor's statements regarding petitioner's alleged relationship with the juvenile did not constitute misconduct, were dispositive of this claim.

//
//

      **b.   counsel's alleged failure to subject to meaningful adversarial testing the tainted, unreliable, and suggestive identification evidence**

As discussed in the Report and Recommendation, petitioner's contention that counsel was ineffective in failing to adequately challenge the inconsistencies in the witnesses' identifications of the shooter is simply belied by the record, which reflects that counsel <u>did</u> challenge the witnesses' identifications of petitioner both in cross-examination and in closing argument. Petitioner's contention that counsel was ineffective in failing to challenge the allegedly suggestive line-up also is belied by the record, which reflects that counsel did question the witnesses about the suggestive aspects of the photographic line-ups and did argue in closing that the photographic line-ups were suggestive. Petitioner contends that the Magistrate Judge was speculating when he found that counsel's decision to challenge the suggestiveness of the photographic line-ups by questioning the prosecution witnesses, and then arguing in closing that the line-up was suggestive in lieu of moving to suppress the line-up, was a tactical decision. However, the Court concurs with the Magistrate Judge that such a decision constitutes a tactical decision and the only relevant question then was whether such a tactical decision was objectively reasonable. Where the record does not reveal counsel's actual reason for making a tactical decision, the Court need not determine counsel's actual reason so long as that decision falls within the range of reasonable representation. See <u>Morris v. California</u>, 966 F.2d 448, 456-57 (9th Cir.), <u>cert.</u>

denied, 506 U.S. 831 (1992). Also, petitioner does not address in his objections the authorities the Magistrate Judge cited in support of his finding that, even though defense counsel clearly recognized that there was a basis for arguing to the jury that the line-up was suggestive, he reasonably could have concluded that the line-up was not so suggestive that a motion to suppress it would have succeeded.

      **c.   *Counsel's alleged failure to explain to the jury how petitioner's fingerprints came to be on the victim's car***

      The Magistrate Judge's reasoning for rejecting this claim was that, since the victim's grandmother did not testify at trial, no evidence came in that would have supported any argument by defense counsel that petitioner's fingerprint came to be on the outside of the driver's window during an earlier visit with the victim. Accordingly, the claim could only be construed as a claim that petitioner's trial counsel was ineffective for failing to call the victim's grandmother (or other family members) to testify at trial about petitioner having a prior relationship with the victim. In order to prevail on such a claim, it was incumbent on petitioner to show that those particular witnesses were willing to testify, what their testimony would have been, and that their testimony would have been sufficient to create a reasonable doubt as to guilt. Petitioner's objections beg the question of his failure to make either of the first two showings. As to the third showing, the Court concurs with the Magistrate Judge that, even assuming that testimony by the victim's grandmother or other family members would have been consistent

7

with what the grandmother supposedly mentioned to Detective Inabu (i.e., that petitioner might have come over to the victim's house one time), that testimony would not have explained how petitioner's fingerprint came to be on the outside of the driver's window of the car being driven by the victim. The victim's father had testified that the victim kept his car clean and wiped it off every day. Petitioner's bare assertion that this testimony "was both fallacious and fabricated" does not provide a sufficient basis for finding that petitioner has met his burden of showing that the testimony of the victim's grandmother or other family members would have been sufficient to create a reasonable doubt as to petitioner's guilt.

Thus, having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court approves and adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, IT IS HEREBY ORDERED that Judgment be entered denying the operative Second Amended Petition and dismissing this action with prejudice.

DATED: October 14, 2008.

*ALICEMARIE H. STOTLER*
ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE